McFarland, J.,
delivered the opinion of the court.
This proceeding originated by a petition to bring into the Circuit Court, and have quashed, an execution issued by W. T. Cate, a justice of the peace for Hamilton county, against the N. & C. R. R. Co., in favor of Todd & Williams, upon the ground that the same was issued without any valid judgment. The question as to the validity of this judgment was submitted to the Circuit Judge, a jury being waived by consent, which was perhaps not necessary; it being a motion to quash an execution, it was properly triable by the judge, though he might have called a jury to. his aid had he so desired. Judgment was rendered dismissing the petition for the amount of the execution suspended. The railroad company have appealed.
*554 It appears that the justice’s papers are Iqst, and the only evidence in his office of the judgment is from the docket, on which this .form of entry appears :
“No. 67. June 8, 1866. Original attachment, and judgment $222. Todd & Williams v. Perkins, or Perkins & Morgan and N. & C. R. R. Co.”
In the column lor stayor appears this entry:
“In this case it is asked by the plaintiff that the judgment be set aside. I therefore set the judgment aside. June 15, 1866. E. Newley, J. P.”
Across this is written these words:
“The setting aside of this judgment is done without the consent of the plaintiff by counsel, and he therefore wishes it reaffirmed. This June 16, 1866. E. Newley, J. P.”
It appears that the railroad company, on the - day of 1866, filed their bill in the Chancery Court at Nashville to have this and two other judgments of a similar character enjoined, for reasons therein stated. This bill was answered by Todd & Williams, but was afterward dismissed for want of prosecution, under a rule of the court, without being brought to a hearing. This bill and answer were read in evidence by Todd & Williams upon the trial of this cause, and from them we gather the nature of the proceedings, as follows:
Todd & Williams, on the 6th of June, 1866, sued out from Newley, justice of the peace, an original attachment against “ C. Perkins, or Perkins & Morgan,” for a debt of $222.11, — the attachment and affidavit *555 stowing that said C. Perkins had left the State, or so absconds that the ordinary process of the law cannot be served upon him. This attachment was returned with an endorsement on the affidavit: “Served the within attachment on T. J. Tinkum, agent of the-bf. & C. R. R. Co., 6th June, 1866, at 2 o’clock p. M., and set for June 8, 1866j before E. Newley, Esq., at 5 o’clock. R. E. Roll, special deputy constable.”' On the 8th of June, the justice entered judgment on the back of the affidavit in these words; “Todd & Williams v. Perkins, or Perkins & Morgan and the N. & C. R. R. Co. Judgment in favor of the plaintiffs against defendants for $222.11 and costs of suit, for which execution may issue. June 8, 1866. E.. blewley, J. P.”
The proceeding was intended to be against Perkins, or Perkins & Morgan, as the debtors of Todd & Milliams, and it was intended to attach by garnishment a debt due one or both of them from the railroad company. This is the history of the proceeding, as stated in the bill referred to, and which is-not materially denied in the answer. Other facts are, however, stated in the answer, not very material. It is stated in the answer that the officers 'of the company had actual notice of the proceedings.
Making all due allowance, and every intendment in favor of the regularity of justice’s proceeding, we think this judgment is void absolutely.
In the first place, it is very clear that the judgment against the garnishee must depend upon the-judgment against the debtor, and without a judgment *556 against the debtor there can be none against the garnishee: Hearne v. Crutcher, 4 Yer., 461; Cooke, 478.
The judgment against the debtor or debtors in this case is void for several reasons, one of which is sufficient. The proceeding is by original attachment, without service of process. The attachment was issued ■on the 6th of June, and the judgment rendered on the 8th, without publication or stay of proceedings. It is true these parties, whoever- they are, have not appealed, but being void and not merely erroneous, the judgment may be attacked in any collateral proceeding.
Then, could there be a valid judgment against the ■garnishee without judgment against the debtors? Certainly not. The nature of the proceeding is that a judgment should be rendered against the debtor, and ■his effects in the hands of the garnishee sequestered for its payment, and such judgment should operate as ■a satisfaction to that extent of the amount due from The garnishee to the debtor.
In this cause no such judgment was rendered, but what purports to be a joint judgment against both ■debtor and garnishee.
There was no service of a garnishment upon the railroad company. The manner of this proceeding is prescribed by the Code, sec. 3749, and requires a written notice to be served on the garnishee, requiring him to appear and answer. This was not done. The return of the officer is that he “ served the attachment on Tinkum, the agent.” But the attachment was not against the railroad company. Had *557 the company appeared and answered, all other questions out of the way, this objection might have been, waived.
The question is, is this judgment void or merely erroneous? If the suit had been against the railroad ■company jointly with the oth'er parties, and service upon the company, then the judgment would be valid, although void as to the other parties. But that is not the case. There was no suit against the railroad company — the company was a mere garnishee; and, without prosecuting the cause to 'a judgment against the debtor, the justice had no jurisdiction to render a judgment. against the garnishee.
The judgment will be reversed, and the execution .quashed.